ELIZA L. MACY *vs.* NEW BEDFORD, MIDDLEBORO AND BROCKTON STREET RAILWAY COMPANY.

GEORGE I. MACY *vs.* SAME.

Bristol.    October 28, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, On street railway.

To run an open electric car so rapidly around a curve as to throw from her seat a woman passenger with her feet on the edge of the seat in front of her and her arm around the stanchion at the end of the seat on which she is sitting may be found to be negligence.

TWO ACTIONS OF TORT, the first by Eliza L. Macy for personal injuries alleged to have been caused by the negligence of the defendant in the operation of its road, and the second by George I. Macy, husband of Eliza, for loss of her services. Writs dated November 21, 1899.

In the Superior Court the cases were tried together before *Fessenden*, J. He refused to order verdicts for the defendant, and the jury returned a verdict for the plaintiff in each case, in the first case in the sum of $3,300, and in the second case in the sum of $1,650. The defendant alleged exceptions.

*R. P. Borden*, for the defendant.

*H. M. Knowlton*, (*A. E. Perry* with him,) for the plaintiffs.

BARKER, J. The only question before us is whether the evidence justified a finding that the defendant was negligent in

running the car too fast. At the place of the accident the road had been in use only three weeks. The schedule time required the car to run eighteen miles an hour, and it had just waited on a siding for a time estimated by different witnesses at from four to ten minutes. Shortly after leaving the siding there were two curves, and the accident happened on the second curve. The car was an open one, with upright partitions behind the platforms and with fixed seats on either side of the partitions, and reversible seats in the rest of the car. The plaintiff who was hurt rode in that end of the reversible seat nearest the front, which was on the outside of the curve. She testified that there was no cross-bar near the floor under the fixed seat in front of her, and that she rode with her feet on the edge of the fixed seat and her arm around the stanchion at the end of the seat on which she sat. The plaintiffs contended that she was thrown from her seat by the combined effect of a lurch of the car and the centrifugal force due to the speed of the car on the curve.

Of twelve witnesses who were upon the car in such positions that she might have been within their vision, but one testified that she stood up before falling or being thrown off. From her own testimony and that of the other witnesses it could be found fairly that she did not rise voluntarily from her seat, but was thrown from it by the effect of a lurch combined with centrifugal force due to a great and unusual rate of speed; and that after clinging for an instant to the stanchion she was thus shaken to the ground by the motion of the car. The testimony as to the rate of speed was contradictory, but justified a finding that it was unusual, and that at the precise place of the accident it was more than eighteen miles an hour; and while a number of the witnesses noticed no lurch, several of them testified that there was one.

We are of opinion that the question whether the defendant was negligent was for the jury. To run an open car so rapidly over a curve upon a railway but very recently put in operation as to throw from her seat a passenger who was sitting as the injured plaintiff testified that she sat, might be found by a jury to be less than the degree of care in the operation of its road required of a common carrier of passengers upon an electric street railway.                    *Exceptions overruled.*