JAMES O'BRIEN, administrator, vs. DOMINICK BERNOI.

Berkshire.    January 6, 1937. — May 24, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Admissions, Of conversation through interpreter, Of speed, Declaration of deceased person. *Negligence*, Motor vehicle, In use of way, Invited person, Assumption of risk. *Practice, Civil*, Mistrial, New trial.

Evidence that the operator of a motor truck improperly turned a corner at high speed, thereby throwing out of the truck one who had been asked by the owner to ride on the truck for his benefit and who had chosen to sit on the floor behind the cab, warranted recovery for the passenger's death and conscious suffering.

Testimony of a plaintiff respecting an admission by the defendant as stated by an interpreter of a conversation between the plaintiff, who spoke in English and did not understand Italian, and the defendant, who spoke in Italian and somewhat in English, properly was admitted.

Expletive words descriptive of the speed of an automobile were competent where accompanied by evidence of physical facts showing excessive speed.

Admission by a judge of the declaration of a deceased person under G. L. (Ter. Ed.) c. 233, § 65, imported his preliminary finding that the statutory conditions had been satisfied.

The risk of negligence of one operating a motor truck for its owner was not assumed by one who, invited by the owner to ride therein, chose to sit on the floor behind the cab.

The declaration of a mistrial of an action for injury due to alleged negligent operation of an automobile was not required as matter of law after testimony by the plaintiff that he had asked the defendant's son whether the defendant had insurance, followed immediately by the judge's striking out the testimony and instructing the jury to disregard it.

Denial of a motion for a new trial on the ground of excessive damages under a count for causing death by negligence was within the discretion of the trial judge and disclosed no error.

TORT.    Writ in the Superior Court dated July 28, 1934.

The action was tried before *Burns*, J.   At the close of the evidence the defendant moved that a verdict be ordered in his favor.   The motion was denied.

The defendant also requested the following rulings:

"1. If you find that the plaintiff's intestate voluntarily chose to ride in the rear of the defendant's truck, you are entitled to find that he assumed the risk of riding in that position and if you find the fact that he was riding in that position contributed to the accident, you must find for the defendant."

"3. If you find that the plaintiff's injuries and death were due in part to the fact that he was riding in the rear of the defendant's truck and that he voluntarily chose to ride in that position, you must find for the defendant."

The requests were denied except so far as they were given in the charge. The judge instructed the jury in part: If "you find that the plaintiff's intestate voluntarily chose to ride in the rear of the defendant's truck, you must find that he assumed the risk of any obvious danger arising from his riding in that position. . . . There was no duty on the part of the driver of truck . . . to warn the plaintiff's intestate of the danger arising from the position assumed by him in the rear of the truck. . . . There was no duty on the part of the driver of the truck . . . to warn the plaintiff's intestate of the fact that the truck was approaching a curve."

There were verdicts for the plaintiff in the sum of $824 on the count for conscious suffering and in the sum of $5,500 on the count for death.

The defendant moved for a new trial on several grounds, but in this court relied only on the ground that the verdict on the count for death was excessive. The motion was denied.

The defendant alleged exceptions.

*F. M. Myers*, for the defendant.

*W. J. Donovan*, for the plaintiff.

LUMMUS, J. The plaintiff obtained a verdict upon a count for negligence causing the conscious suffering of his intestate, John Zucchi, and also upon a count for negligence causing his death.

There was evidence tending to prove the following facts. The defendant sent his son, a boy of seventeen, to buy some pigs, and wished Zucchi to accompany the son be-

cause Zucchi "knew pigs" and could "pick out pigs for the boy." *Nichols* v. *Rougeau*, 284 Mass. 371, 375. *Alderman* v. *Noble*, 296 Mass. 30, 31.  The son drove the defendant's truck, and had two persons with him on the seat.  Zucchi, who weighed at least two hundred thirty pounds, sat on the floor of the truck just behind the cab, facing the rear, with arms outstretched, grasping the side boards with his hands. On the way back the son took a right angled corner at high speed.  The corner was not banked, but was lower on the outside of the curve than on the inside.  Zucchi lost his hold and was thrown out over a side board fourteen inches high, receiving fatal injuries.  These facts made a case for the jury, if the evidence to prove them was properly admitted.

Some of the evidence that Zucchi was invited to ride for the benefit of the defendant was contained in a conversation between the plaintiff and the defendant, who spoke little English, in which the defendant's son acted as interpreter. Although the plaintiff did not understand what the defendant said in Italian, the testimony of the plaintiff to the interpretation made by the son in the presence of the defendant was properly admitted.  *Camerlin* v. *Palmer Co.* 10 Allen, 539, 541.  *Commonwealth* v. *Vose*, 157 Mass. 393. Wigmore, Evidence (2d ed.) § 668.  See also *Commonwealth* v. *Storti*, 177 Mass. 339.

The high speed of the truck in taking the corner was not expressed in miles an hour, nor in any other definite form. Different witnesses, testifying under G. L. (Ter. Ed.) c. 233, § 65, to statements made by Zucchi, used various expressions, such as "took the curve fast," "come home rather in a hurry," "took a corner going at a great speed," and "making the curve with big velocity."  If nothing more had appeared, such "mere expletive or declamatory words or phrases as descriptive of speed," impliedly comparing the actual speed with some speed deemed reasonable, normal or usual by the witness but not made known to the judge and jury, doubtless would not have been enough to warrant a finding of undue and negligent speed.  *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335.  *Hunt* v.

*Boston Elevated Railway,* 201 Mass. 182. *Anderson* v. *Boston Elevated Railway,* 220 Mass. 28. *Whalen* v. *Mutrie,* 247 Mass. 316, 318. *Marcienowski* v. *Sanders,* 252 Mass. 65, 67. *Seidenberg* v. *Eastern Massachusetts Street Railway,* 266 Mass. 540, 542. *Desautels* v. *Massachusetts Northeastern Street Railway,* 276 Mass. 381, 384. *Phinney* v. *Eastern Massachusetts Street Railway,* 285 Mass. 207. But in the present case such expressions were accompanied by evidence, in part contained in the statements made by Zucchi, of physical facts tending to show excessive speed measured by the legal standard of the conduct of a reasonable man under the circumstances. *Macy* v. *New Bedford, Middleboro & Brockton Street Railway,* 182 Mass. 291. *Partelow* v. *Newton & Boston Street Railway,* 196 Mass. 24. *McRae* v. *Boston Elevated Railway,* 276 Mass. 82, 84. *Johnson* v. *Berkshire Street Railway,* 292 Mass. 311. The angle and the grade called for low speed and great care. In fact the speed was such that the centrifugal force broke the hold with both hands which Zucchi had, and threw him out over a side board fourteen inches high, notwithstanding his struggle which left the mark of his clutch upon the wooden frame of the cab. In connection with these facts, the expressions used were competent. Together they afforded evidence of negligent speed.

The statements made by Zucchi were made before the commencement of the action, for the action was not begun until after his death. Obviously they were made upon his personal knowledge. There was nothing to indicate that they were made in bad faith, and the circumstances tended to show that they were made in good faith. It was not necessary for the judge, before admitting the statements, to express in words his finding that the conditions of admissibility contained in G. L. (Ter. Ed.) c. 233, § 65, had been satisfied. The admission of the statements imported such a finding. *Murphy* v. *Hanright,* 238 Mass. 200, 206. *Tenney* v. *Foss,* 268 Mass. 69, 71. *Rothwell* v. *First National Bank of Boston,* 286 Mass. 417, 420.

There was no evidence requiring a finding that Zucchi assumed the risk of negligent driving by the son. *Hietala*

v. *Boston & Albany Railroad,* 295 Mass. 186, 192. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432, 435. On the contrary, Zucchi's position in the truck required care on the part of the son commensurate with the danger.

The plaintiff testified that he asked the son whether "there was any insurance." No answer appeared. The judge at once ordered the evidence of the inquiry struck out, and instructed the jury to disregard it. It is to be presumed that the jury obeyed the instruction. There was no error in refusing to declare a mistrial. *Dempsey* v. *Goldstein Brothers Amusement Co.* 231 Mass. 461, 464, 465. *Lounsbury* v. *McCormick,* 237 Mass. 328, 338, 339.

The motion for a new trial on the ground of excessive damages for death was addressed to the discretion of the trial court. There was no error of law in denying it.

*Exceptions overruled.*