Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries received through the negligence of the defendant’s agent or servant. The answer was a general denial, allegation of contributory negligence.
At the trial there was evidence tending to show that the plaintiff was standing at the rear of a parked truck on a four-lane cement highway in the Town of Reading; that she, in company with her brother-in-law, had been riding a bicycle in the direction of Boston at about 3:30 A. M.; that when they arrived at the point where the truck was stopped or parked on the extreme right side of the road, the plaintiff’s brother-in-law went to the left side of the truck to ask the driver if he would give the plaintiff and him a ride home; that while the plaintiff was standing in *62 the rear of this truck she saw a huge motor trailer coming in the same direction at a rapid rate of speed. The place was well lighted and in addition the parked truck had its two tail lights on and two lights illuminated at the top of the driver’s cab. As it was about to pass the parked truck, very closely, the motor trailer struck the left side of the truck and the impact caused the plaintiff’s injuries for which she claims damages. There was no other traffic on the roadway.
There was also evidence that the motor trailer had damages to its right front headlight and right front fender, and there was evidence from the testimony of the driver of the defendant’s motor trailer that as he was about to pass the parked truck, he saw the plaintiff’s brother-in-law coming around in front of the truck; that he applied his brakes and the trailer, which is attached to a tractor, “jackknifed”; that a trailer will “jackknife” if the brakes are applied quickly on a wet road or if the trailer is going too fast and the brakes are suddenly applied, or if a part of the connecting mechanism breaks. Said driver further testified that when he reached Boston he examined the trailer and found a shackle, which is a part of the machinery attaching the trailer to the tractor, had broken. He had seen nothing wrong with the shackle at the start of the trip.
The ' plaintiff seasonably presented three requests for rulings, which are as follows:
“1. Doctrine of res ipso loquitur applies in this case.
“2. Ordinarily, moving vehicle does not collide with large stationary object without negligence of persons responsible for moving vehicle.
“3. There is evidence sufficient to warrant a finding for the plaintiff.”
*63 The court denied requests numbered 1 and 3 and said as to request numbered 2, “may be true generally but does not help in this case. ’ ’
The court found for the defendant.
The third request for ruling comes clearly within the rule stated in numerous cases. The more recent statement of the rule applicable to such a ruling is contained in Home Savings Bank v. Savransky, Mass. Adv. Sh. (1940) 2115, 2117. With relation to the second request there set forth which was, “2. The evidence warrants a finding for the defendants,” it was said at page 2117:
“The second request, that the evidence warranted a finding for the defendants, was proper. It was error to deny it unless, as matter of law, it was inapplicable, or unless the judge, by clear and definite findings, has demonstrated it was inapplicable or immaterial because of the findings. Bresnick v. Heath, 292 Mass. 293, 298. Strong v. Haverhill Electric Company, 299 Mass. 455. Himelfarb v. Novadel Agene Corporation, Mass. Adv. Sh. (1940) 499, 500.”
It follows, therefore, that it was error to deny the plaintiff’s third request unless, as matter of law, it was inapplicable.
In the case at bar it appeared that the trial court made no clear and definite finding^ demonstrating that the ruling was therefore inapplicable or immaterial. It is argued by the defendant that there is nothing in the report which warrants a finding of negligence on the part of the defendant. He argues, first, that there is no evidence of speed on the part of the defendant’s vehicle. It is true that “If nothing more had appeared, such ‘mere expletive or declamatory words or phrases as descriptive of speed,’ impliedly comparing the actual speed with some speed *64 deemed reasonable, normal or usual by the witness but not made known to the judge and jury, doubtless would not have been enough to warrant a finding of undue and negligent speed.” O’Brien v. Bernoi, 297 Mass. 271, 273. See eases there cited. “But in the present case such expressions were accompanied by evidence, ... of physical facts tending to show excessive speed measured by the legal standard of the conduct of a reasonable man under the circumstances.” O’Brien v. Bernoi, 297 Mass. 271, at 274. See cases there cited.
Looking at the record as a whole, we feel it cannot be said, as matter of law, that there was no negligence. We feel there was sufficient evidence to warrant and, in fact, to require the trial judge to submit to himself the question of the defendant’s negligence, as matter of fact. It appeared that the huge motor trailer of the defendant was proceeding at a rapid rate of speed; that the place was well lighted; that there were lights on the parked truck indicating its position; that the roadway was a four-lane highway ; that there was ample opportunity for the defendant’s driver to pass in safety; that the collision was with the right front headlight and the right front fender of the defendant’s motor trailer, indicating that the defendant’s driver turned out to pass the parked truck too late or that he turned back to the right-hand lane too soon to avoid the parked vehicle; that when he applied his brakes, the trailer “jackknifed” and collided with the truck, although so far as appeared the road was dry, and it appeared that it was well known to the driver of the defendant’s motor trailer that if the brakes were suddenly applied when the trailer was going too fast or if the connecting mechanism broke, that the trailer would “jackknife.” It seems to us that the combination of the circumstances described, while *65 some of them taken alone would not show negligence, still when all are grouped together, they would warrant a finding that the defendant was negligent. If such a finding was warranted, as we have heretofore said, the case should have been submitted by the trial judge to himself sitting as a fact-finding tribunal.
Because we feel that the failure of the trial judge to properly deal with the plaintiff’s third request is error prejudicial to the plaintiff, a new trial must be had, and because at such new trial the questions raised by the manner in which the trial judge dealt with the plaintiff’s first and second requests may not arise, we have not discussed said requests herein. The case is remanded to the District Court and a new trial ordered.