MICHAEL AUCELLA *vs.* COMMONWEALTH.

Suffolk. October 2, 1989. - January 10, 1990.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Motor Vehicle*, Homicide, Leaving scene of accident. *Practice, Criminal*, Double jeopardy, Mistrial, Required finding. *Constitutional Law*, Double jeopardy.

Where this court, in a proceeding brought by a criminal defendant under G. L. c. 211, § 3, concluded that a judge in the Superior Court had correctly denied the defendant's motion for a required finding of not guilty based upon the legal insufficiency of the evidence at his trial on an indictment charging him with leaving the scene of an accident after causing personal injury, common law principles of double jeopardy did not bar the defendant's retrial on that indictment following the inability of the jury to agree upon a verdict. [416-418]

Common law principles of double jeopardy barred the retrial of a criminal defendant on an indictment charging him with vehicular homicide following the inability of the jury at his trial in the Superior Court to agree upon a verdict, where this court, in a proceeding brought by the defendant under G. L. c. 211, § 3, concluded that the trial judge had erred in denying the defendant's motion for a required finding of not guilty based upon the legal insufficiency of the evidence to convict him. [418-420]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 4, 1988.

The case was heard by *O'Connor*, J.

*Andrew Silverman*, Committee for Public Counsel Services, for the defendant.

*Kurt N. Schwartz*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. Michael Aucella (defendant) was tried in the Superior Court before a jury on indictments charging him with vehicular homicide (G. L. c. 90, § 24G [*b*] [1988 ed.]), and with leaving the scene of an accident after causing per-

sonal injury (G. L. c. 90, § 24 [2] [*a*] [1988 ed.]). At the close of the Commonwealth's case and again at the conclusion of all the evidence, the judge denied the defendant's motions for required findings of not guilty. After three days of deliberation, the jury were unable to agree on verdicts, and a mistrial was declared. The defendant then moved to dismiss the indictments on the ground that the prosecution's evidence at trial was legally insufficient, and that retrial was therefore barred by double jeopardy principles as articulated in *Berry* v. *Commonwealth*, 393 Mass. 793 (1985). This motion was denied.

The defendant next sought relief before a single justice of this court by means of a petition under G. L. c. 211, § 3 (1988 ed.). The single justice granted the defendant's petition in part, ruling that there was insufficient evidence to warrant a finding of guilty of vehicular homicide, but that there was sufficient evidence to warrant a finding of guilty of leaving the scene of an accident after causing personal injury. Both the defendant and the Commonwealth appeal from the aspects of the single justice's order unfavorable to them. We affirm the order of the single justice.

In reviewing the sufficiency of the evidence, the question is "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present." *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). The offense of leaving the scene of an accident after causing personal injury consists of a driver's knowingly colliding with or otherwise injuring any person while operating a motor vehicle on a public way, and then going away without making known his name, residence, and registration number. G. L. c. 90, § 24 (2) (*a*). The offense of vehicular homicide consists of a driver's recklessly or negligently operating a motor vehicle on a public way and thereby causing the death of a person. G. L. c. 90, § 24G (*b*).

The basic facts, viewed in the light most favorable to the Commonwealth, are that two pedestrians, Nicola Capobianco and Loretta Gaudet, were struck by an automobile traveling southbound as they attempted to cross Route 99 in Everett at approximately 9:30 P.M. on September 19, 1986. The street was not lighted because Route 99 was under reconstruction. "Jersey barriers" in the roadway narrowed Route 99 from four lanes to two lanes.

The force of the impact was great, throwing Capobianco some twenty-three feet from the point of impact. Gaudet, who later died as a result of her injuries, was apparently thrown and then dragged by the automobile, ending up some sixty-eight feet from the point of impact. A northbound motorist heard a "boom" and then saw one or two bodies in the air. The passing motorist described the automobile that struck the pedestrians as being large, white, and displaying the word "Fleetwood." He also saw the automobile that struck the pedestrians accelerate away from the scene.

With regard to the charge of leaving the accident scene, the defendant contends that any evidence identifying him as the driver of the car that struck the pedestrians was legally insufficient. We disagree. Although there was no direct evidence that the defendant was the driver, there was sufficient circumstantial evidence[1] to lead a rational juror to the conclusion that the automobile was the defendant's and that he was driving it at the time of the accident.

There was evidence that a 1979 white Cadillac automobile which had been leased to the defendant was abandoned on the night of the accident less than one mile from the scene of the accident. Although the car was not inspected until the police discovered it more than two weeks after the accident, it was found to have front end and undercarriage damage consistent with the accident. In addition, one strand of human scalp hair, dyed black, consistent with Gaudet's hair, was found adhering to the car's undercarriage. There was no

---

[1]See *Commonwealth* v. *Smith*, 368 Mass. 126, 128 (1975); *Commonwealth* v. *Swartz*, 343 Mass. 709, 711-713 (1962).

damage to the car's ignition consistent with the car's having been stolen.

The defendant had been seen driving the car several hours before the accident by another employee of the catering company where the defendant worked. Although the car was abandoned on the night of the accident, the defendant did not report it stolen until October 3, two weeks later. The defendant told the police that he had never looked for the car during this two-week period. During this period, he had used a catering company truck and, at one point, a taxicab, for transportation. The defendant told the police that no one else had had his permission to use the car and that, as far as he knew, no one else had keys to the ignition.

We conclude that a rational trier of fact could find, based on this evidence, that the defendant was guilty of leaving the scene of an accident after causing personal injury. There was solid evidence that the defendant's car struck the victims. The defendant admitted he was seen driving the car within four hours of the accident, not reporting the car missing for two weeks, and being the only person with keys to the vehicle. There was no evidence of theft or use by anyone else. Since the evidence was sufficient, retrial for that offense is not jeopardy barred under *Berry* v. *Commonwealth, supra.*

With regard to the charge of vehicular homicide, the defendant contends that, even if there was legally sufficient evidence identifying him as the driver of the car that struck the pedestrians, any evidence that he was driving negligently was legally insufficient. We agree.

"The mere happening of an accident between a motor vehicle and a pedestrian, where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle." *Callahan* v. *Lach,* 338 Mass. 233, 235 (1958). Here there was insufficient evidence to satisfy a rational trier of fact beyond a reasonable doubt that the defendant was either negligently inattentive or driving in an otherwise negligent manner.

The Commonwealth emphasizes that Route 99 was in an unlighted condition and suggests that this fact required the

driver to exercise a high level of care. While this conclusion may well be accurate, see *O'Brien* v. *Bernoi*, 297 Mass. 271, 273-274 (1937), there was nevertheless no evidence of the level of care actually exercised by the driver.

The Commonwealth cannot overcome the fact that there was no evidence that the automobile was being driven at an excessive speed or in an erratic manner before it struck the pedestrians. The Commonwealth asserts that Capobianco testified at trial that the car involved in the accident was at least 200 feet away before he and Gaudet began to cross the road. The trial transcript, however, demonstrates that Capobianco's testimony on this point was not nearly so clear:

> THE PROSECUTOR: "Now, as you approached the roadway that is Route 99, were you aware of motor vehicle traffic coming in either direction?"
> THE WITNESS: "I look, no. I look. We stop. I stop first. There was, I stop first. I look around, you know, both side. I see some light way back up, some car way — was no car around."
> ". . . .
> THE PROSECUTOR: "What, if anything, did you see looking to the left?"
> THE WITNESS: "There was some car way back."
> THE PROSECUTOR: "Now, after — "
> THE WITNESS: "Some light — excuse me — some light, anyway. I don't know. I can't see. Was light, you know."

The following colloquy took place during the cross-examination of Capobianco:

> DEFENSE COUNSEL: "When you looked to your left, you said you saw some lights off — "
> THE WITNESS: "Way back."
> DEFENSE COUNSEL: " — in the distance?"
> THE WITNESS: "Way back. Yes."
> DEFENSE COUNSEL: "Can you estimate how far back those lights were?"

THE WITNESS: "Couple hundred feet anyway, at least."

We also note that there was no evidence that the lights observed were those of a motor vehicle, much less the defendant's, nor any evidence of the speed at which a vehicle would have had to have been traveling in order for it to throw the pedestrians as far from the point of impact as they apparently were thrown.

Because there was insufficient evidence on one of the essential elements of vehicular homicide, retrial on that charge is jeopardy barred. See *Berry* v. *Commonwealth*, 393 Mass. 793 (1985).

*Order of the single justice*
*affirmed.*