Following a bench trial, the defendant, Joseph Robator, was convicted of operating a motor vehicle while under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(a ). On appeal, the defendant argues that the Commonwealth failed to present sufficient evidence to prove that he was the operator of the vehicle or under the influence of alcohol. The defendant also argues that there was insufficient evidence presented to prove that he drove the vehicle in a negligent manner. We affirm.
Background. At approximately 7:30 P.M. on December 2, 2014, a passerby observed a bald, white man with blood on his face standing next to a white pickup truck on the side of a road in Auburn. Shortly thereafter, police officers were dispatched to the scene and came upon a heavily-damaged white pickup truck that was off the road and had its front end wedged against a jersey barrier. The front airbags were deployed, and blood was observed on the driver-side airbag. No keys were found in the truck's ignition.
A police officer found the defendant walking down the street approximately one-half mile from where the truck was located. He was bleeding from a cut on his head. No other pedestrians were in the area where the defendant was located. The defendant stated to a second police officer that he drove his truck off the road and that he did not call the police because he did not want to be arrested for "drunk driving." The defendant admitted to having two alcohol cocktails. When asked by the second officer if he had the keys to "the vehicle," the defendant removed a set of keys from his pocket.
The defendant's eyes appeared to be bloodshot and glassy, he was unsteady on his feet, and a strong odor of alcohol emanated from his breath. At the request of the second officer, the defendant attempted the alphabet test. The defendant was unable to recite the alphabet despite several attempts and slurred some of the letters together. The police officer determined that the defendant was intoxicated and placed him under arrest.
Discussion. In reviewing the sufficiency of the evidence, the "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[I]n satisfying [the Latimore ] test, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence." Commonwealth v. Adams, 421 Mass. 289, 291 (1995).
1. Operating under the influence. "To support an OUI conviction ... the Commonwealth must prove three elements: (1) operation of a vehicle, (2) on a public way, (3) while under the influence of alcohol."[2] Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016).
a. Operation. The defendant first argues that, although he admitted to driving the crashed pickup truck, there was insufficient corroborative evidence to prove that he was in fact the operator of the vehicle. See Commonwealth v. Forde, 392 Mass. 453, 457-458 (1984). A defendant's admission of operation is insufficient to prove the element of operation absent further corroborative evidence. Adams, 421 Mass. at 291.
At trial, there was sufficient corroborative evidence introduced for the judge to find that the defendant operated the truck involved in the crash. A person matching the defendant's description was observed standing at the rear of the crashed truck; the defendant was found approximately one-half mile from the scene of the crash and there were no other pedestrians in the area; the defendant was found bleeding from his forehead and blood was observed on the driver-side airbag of the truck; and, after no key was found in the ignition of the truck, the defendant produced a key and handed it to a police officer when asked if he had the keys to "the vehicle." Additionally, the defendant agreed to recite the alphabet at the request of a police officer on the scene. See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995) (operation may be inferred based on defendant's cooperation in performing sobriety tests). After considering these corroborative facts and the reasonable inferences drawn therefrom, we conclude that there was sufficient evidence corroborating the defendant's admission to support the judge's finding that the defendant was the operator of the vehicle involved in the accident.[3]
b. Intoxication. The defendant next argues that there was insufficient evidence to prove that he was intoxicated at the time of the crash. "[I]n a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994) (discussing factors evincing diminished capacity to safely operate vehicle).
Here, in addition to the fact that the defendant's truck was involved in an accident, evidence was presented that the defendant was unsteady on his feet; had bloodshot, glassy eyes; had an odor of alcohol on his breath; and slurred letters when attempting the alphabet test. Moreover, one of the officers who responded to the scene testified at trial that the defendant was unable to recite the alphabet and opined that the defendant was intoxicated at the time he was placed under arrest. When viewed in the light most favorable to the Commonwealth, the evidence was sufficient to support the judge's conclusion that the defendant's consumption of alcohol diminished his ability to safely operate a motor vehicle.
2. Negligent operation. Finally, the defendant argues that there was insufficient evidence to prove that he operated the truck in a negligent manner. In order to establish negligent operation, "the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) upon a public way, and (3) (recklessly or) negligently so that the lives or safety of the public might be endangered."[4] Commonwealth v. Daley, 66 Mass. App. Ct. 254, 255 (2006), quoting from Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004). The tort standard of negligence is used in determining whether a defendant operated a vehicle in a negligent manner under G. L. c. 90, § 24(2)(a ). Duffy, 62 Mass. App. Ct. at 922 n.2.
The judge heard considerable evidence concerning the defendant's level of intoxication. In addition, there was testimony that the defendant's operation of the truck resulted in a relatively serious accident. One of the police officers testified that in the area where the truck collided with the jersey barrier there was a sharp turn, and that the defendant's truck "was right in that sharp curve in the parking lot of th[e] water department house ... [a]nd ... up against th[e] jersey barrier. Both the jersey barrier and the front end of th[e] pick-up truck had some heavy damage." The area was well lit by "streetlights." In addition, the defendant told one of the police officers that he had driven his truck off the road and did not call the police. Viewing the evidence in the light most favorable to the Commonwealth, it was reasonable and permissible for the judge to infer that due to the consumption of alcohol, the defendant drove his truck in a negligent manner so as to endanger the safety of the public. Contrast Aucella v. Commonwealth, 406 Mass. 415, 418-420 (1990) ("The mere happening of an accident ... where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle" [quotation omitted] ).
Judgments affirmed.

The defendant does not contest the sufficiency of the evidence as it relates to the public way element of this offense.

In addition, there was testimony from a police officer admitted without objection that the defendant was the registered owner of the truck.

As discussed above, sufficient evidence was presented to prove that the defendant operated the crashed truck. The defendant does not contest the sufficiency of the evidence relating to the public way element of this offense. See note 1, supra.