Following a jury-waived trial in the District Court, the defendant, Elizabeth A. Santos, was convicted of negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a ). On appeal, the defendant challenges the sufficiency of the evidence, the admission of certain witness testimony, and statements made in the prosecutor's closing argument. We affirm.
Background. We summarize the facts the judge could have found, viewing the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On August 18, 2015, Joseph Ruggerio heard a crash and observed a vehicle on its side on his front lawn. The defendant, the sole occupant of the vehicle, was in the driver's seat and appeared to be unconscious. Detective David Mahoney arrived at the scene. He knew the defendant prior to the crash and attempted to rouse her by pounding on the vehicle and screaming her name, but she did not respond. Paramedics Jonathan Martel and Alexander Schlageter arrived and secured entry into the vehicle. When Martel touched the defendant's shoulder and called her name, the defendant opened her eyes and communicated with him "slightly," but she appeared drowsy and was "kind of incoherent when speaking." Mahoney, Martel, and Schlageter observed a bluish substance on the defendant's mouth and tongue. In the ambulance, the defendant became more alert. The paramedics asked the defendant where she had been that night and whether she had taken any alcohol or drugs, to which she responded, "her Clonopins [sic ]."[1] At the hospital, the defendant was diagnosed with postconcussion syndrome. There were no toxicology tests conducted on the defendant.
The crash occurred on Mill Road, which is a residential street with a posted speed limit of thirty miles per hour. It is undisputed that Mill Road is a public way. Trees and mailboxes line the road and it is near a wildlife preserve. After the paramedics arrived, Mahoney looked for the cause of the crash. Mahoney testified that he believed there was "paint transfer" on a tree down the road and he observed skid marks in the path of travel. The scene was consistent with the defendant hitting the brakes hard to swerve and hitting a tree, resulting in the vehicle turning onto its side.
The defendant was charged with two criminal offenses -- operating a motor vehicle while under the influence of drugs (OUI), G. L. c. 90, § 24 (1) (a ) (1), and negligent operation of a motor vehicle -- and two civil infractions, including a marked lanes violation, G. L. c. 89, § 4A, and speeding, G. L. c. 90, § 17. At trial the judge, over objection, permitted Mahoney, Martel, and Schlageter to testify about their previous encounters with the defendant, including prior overdoses.[2] Martel and Schlageter also testified regarding the effects and symptoms of ingesting Klonopin. They both opined that the defendant's appearance and condition after the crash were consistent with such ingestion.[3]
At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty, which was denied. The judge acquitted the defendant of OUI and convicted the defendant of negligent operation.[4]
Discussion. 1. Sufficiency of the evidence. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation omitted). Latimore, 378 Mass. at 677. "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) on a public way, (3) negligently, so as to endanger the lives or safety of the public. See G. L. c. 90, § 24 (2) (a ). Only the third element is at issue in this appeal. The statute requires proof that the defendant's conduct might have endangered the safety of the public, not that it, in fact, did. See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004).
The defendant asserts that the Commonwealth failed to prove negligence beyond a reasonable doubt because the judge found that the Commonwealth had not shown the defendant was under the influence of drugs. Accordingly, the defendant argues, the only remaining evidence of negligence is the crash itself, which the defendant contends is insufficient to prove negligence beyond a reasonable doubt. See Aucella v. Commonwealth, 406 Mass. 415, 418 (1990).
The flaw in the defendant's argument is that the acquittal of OUI does not preclude consideration of impairment in determining guilt of negligent operation. See Commonwealth v. Woods, 414 Mass. 343, 350 (1993) (prosecution need not show that the defendant was intoxicated to prove consumption of alcohol contributed to negligent operation of a motor vehicle). In this case, the defendant admitted to ingesting Klonopin prior to the crash. In addition, the defendant had a blue powdery substance around her lips and tongue, which was consistent with mixing Klonopin with a liquid and drinking it, or crushing it and ingesting it. While neither the evidence of the defendant's ingestion of Klonopin nor the fact of the accident may be sufficient to prove negligent operation on its own, the Klonopin ingestion in conjunction with the circumstances surrounding the accident permitted the judge to reasonably infer negligence. Id. ("Evidence that the defendant was consuming alcohol prior to driving with passengers late at night is patently relevant to whether the defendant exercised reasonable care while driving"). Therefore, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to support the conviction.[5]
2. Admission of prior bad acts testimony. The defendant also argues that the judge erred in permitting Mahoney and the paramedics to testify to their observations of the defendant during prior alleged overdoses, as it constituted improper prior bad acts evidence. Where, as here, the testimony was objected to at trial, we review for prejudicial error. Commonwealth v. Cruz, 445 Mass. 589, 591 (2005). We must determine whether the judge erred and, if so, whether the error was prejudicial. Id. "An error is not prejudicial if it 'did not influence the [trier of fact], or had but very slight effect ....'" Id., quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
We need not determine whether the judge erred in admitting the testimony, as we conclude that if there was error, it was not prejudicial. A judge in a jury-waived trial is presumed to have "correctly instructed himself" on the law, absent contrary indication. Commonwealth v. Kerns, 449 Mass. 641, 650 n.13 (2007), quoting Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000). The testimony was unnecessary to support the conviction of negligent operation, as the evidence of the defendant's admission to ingesting Klonopin and the fact of the accident were sufficient. See Woods, 414 Mass. at 350. Moreover, there is no indication that the judge improperly relied upon the prior overdose testimony, especially because the judge acquitted the defendant of OUI. See Commonwealth v. Bly, 444 Mass. 640, 656 (2005).
3. Closing argument. The defendant further argues that the prosecutor impermissibly shifted the burden to the defendant during closing argument when he asked for a guilty finding because there was "no other evidence that ... shows that the vehicle was caused to exit from the roadway." The defendant did not object to this comment at trial; thus, we review for substantial risk of a miscarriage of justice. Commonwealth v. Martinez, 67 Mass. App. Ct. 788, 796 (2006).
Even if there was error, it was harmless when viewed in context of the entire case. Moreover, this was a jury-waived trial and "[a]bsent evidence to the contrary, a trial judge acting as trier of fact is presumed to apply correct legal principles" when assessing a prosecutor's misstatements. Id.
Judgment affirmed.

It does not seem to be disputed that the defendant had a prescription for Klonopin. In addition, Mahoney found a prescription bottle in the defendant's name labeled Trazadone in the defendant's vehicle. The defendant is a diabetic and suffers from seizures.

Mahoney testified that he had previously seen the defendant in "an altered state of mind or not thinking clearly" and behaving oddly. Martel testified that he had observed the defendant sleeping in her vehicle in several public locations. Schlageter testified that he had treated the defendant for drug use, including Klonopin, on multiple occasions, including when the defendant called for help and reported that she had overdosed. During those encounters, Schlageter had observed the defendant with a bright blue substance around her mouth.

Martel also opined that the crash occurred because the defendant was "under the influence of some sort of substance." Schlageter testified that the circumstances surrounding the accident were consistent with a Klonopin overdose.

The judge also found the defendant not responsible for the marked lanes violation and speeding.

Even though the defendant failed to renew her motion for a required finding of not guilty, we still consider "whether the Commonwealth's position as to proof deteriorated after it closed its case" (quotation omitted). Commonwealth v. Alden, 93 Mass. App. Ct. 438, 445 (2018). The defendant put forth an expert witness, who testified to the defendant's medical history, including the symptoms of postconcussion syndrome. He also testified that the defendant's behavior on the day of the crash was consistent with someone who had suffered a head injury. Viewing the evidence in the light most favorable to the Commonwealth, the defendant's expert contradicted but did not cause deterioration in the Commonwealth's case. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017) (it is not enough for defendant to merely contradict Commonwealth's evidence). Accordingly, the evidence of negligent operation remained sufficient at the close of all the evidence.