NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-631                                          Appeals Court

COMMONWEALTH  vs.  SHAWN W. HOWE.

No. 22-P-631.

Middlesex.     June 6, 2023. - September 15, 2023.

Present:  Massing, Ditkoff, & Singh, JJ.

Motor Vehicle, Operation.  Negligence, Motor vehicle.  Practice,
    Criminal, Required finding.

Complaint received and sworn to in the Lowell Division of
the District Court Department on October 8, 2020.

The case was tried before Stephen B. Geary, J.

Laurie Yeshulas for the defendant.
Aaron Staudinger, Assistant District Attorney, for the
Commonwealth.

DITKOFF, J.  The defendant, Shawn W. Howe, appeals from his

conviction, after a jury trial in the District Court, of

negligent operation of a motor vehicle, G. L. c. 90,

§ 24 (2) (a), contending that the evidence was insufficient.  In

light of an officer's informed opinion that the defendant

crossed the double yellow line and collided with a telephone

pole and two mailboxes on the opposite side of the street, the extensive damage to the defendant's motor vehicle from a single-vehicle collision, and the defendant's admission that he was unfamiliar with the area, we affirm.

1.  Background.  a.  The collision.  On Saturday, August 29, 2020, at approximately 12:25 P.M., the defendant's vehicle collided with a telephone pole and two mailboxes on North Street in Tewksbury.  It was raining heavily at the time.  A police officer arrived on scene and observed a vehicle with extensive damage sitting partially in the street and partially in a resident's front yard.  No other vehicle was involved in the collision.

The officer approached the vehicle and observed the defendant trapped in the driver's seat.  All of the driver's side airbags were deployed.  The officer asked the defendant what had happened, and the defendant said that "he was unfamiliar with the area and hit a telephone pole."  Given the vehicle's extensive damage, the defendant was unable to open the door.  The fire department arrived on scene and used "a heavy tool" to cut through the vehicle's metal door and remove the defendant from the driver's seat.

The officer observed "heavy damage" to the front portion of the vehicle, including the driver's side front tire and the driver's side front windshield.  The officer also observed

"heavy damage" to the bottom portion of a telephone pole and damage to two mailboxes, one of which sustained damage to the post bracket, and the other of which was knocked over completely.  A stone retaining wall, which was approximately five inches tall and provided a barrier between one of the mailboxes and the telephone pole, also was damaged.  The telephone pole, the two mailboxes, and the retaining wall were all within six to ten feet of each other.

The officer testified that he was trained in motor vehicle accidents and had responded to approximately fifty to one hundred accidents.  Based on his experience and observations, the officer opined that the defendant had been traveling south on North Street when his vehicle "cross[ed] over the double yellow line and into the complete opposite lane of travel."  The officer opined that the vehicle first hit a mailbox and then struck the retaining wall and the telephone pole.  The officer explained that the impact of striking the telephone pole caused the vehicle to reverse the direction in which it had been traveling and that, in the process, the vehicle "struck the other mailbox."  The officer further testified that there are no sidewalks on North Street, and he has "see[n] residents running, jogging, or walking their dogs" on the street.

b.  Procedural history.  A criminal complaint issued from the District Court charging the defendant with operating a motor

vehicle while under the influence of drugs, second offense, G. L. c. 90, § 24 (1) (a) (1); negligent operation of a motor vehicle; and the civil infraction of a marked lanes violation, G. L. c. 89, § 4A.  On the day of trial, the judge dismissed the charge of operating a motor vehicle while under the influence of drugs, with the Commonwealth's agreement, because the Commonwealth did not have the expert it needed to prove the charge.  The judge instructed the parties not to refer to anything related to or suggesting that the defendant was under the influence of drugs.  At trial, the responding officer testified, and the Commonwealth introduced photographs depicting the damage to the defendant's motor vehicle, the telephone pole, the mailboxes, and the retaining wall.  After the Commonwealth rested its case, the defendant moved for a required finding of not guilty pursuant to Mass. R. Crim. P. 25 (a), as amended, 420 Mass. 1502 (1995), and the judge denied the motion.

Following closing arguments, the judge instructed the jury, inter alia, that the existence of an accident alone is not sufficient to prove negligent operation.  That same day, the jury returned a guilty verdict.  The judge sentenced the defendant to one year of probation and found the defendant not responsible for the marked lanes violation.

On August 13, 2021, the defendant renewed his motion for a required finding of not guilty pursuant to Mass. R. Crim.

P. 25 (b) (2), as amended, 420 Mass. 1502 (1995).  Before there was any decision on the motion, the defendant filed a timely notice of appeal from the conviction.[1]  On September 13, 2021, after a hearing, the judge denied the motion in a margin endorsement.  After a single justice of this court allowed the defendant additional time to appeal from the denial of that motion, the defendant filed another notice of appeal.[2]  This

_____

[1] Although the filing of a rule 25 (b) (2) motion within thirty days of sentencing tolls the time to file a notice of appeal, see Mass. R. A. P. 4 (b) (2), as appearing in 489 Mass. 1601 (2022), the pendency of such a motion does not make a notice of appeal ineffective.  Cf. Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019) (in civil cases, "[a] notice of appeal filed before the disposition of any timely motion listed in Rule 4 [a] [2] shall have no effect").  But cf. Tocci Bldg. Corp. v. IRIV Partners, LLC, 101 Mass. App. Ct. 133, 136 n.5 (2022), quoting Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019) (rule 4 [a] not applicable where "no action on the appeal had yet been taken before the motion for reconsideration was decided").

[2] The single justice granted the defendant leave to file the notice of appeal on or before April 8, 2022.  Although the notice of appeal is stamped April 19, 2022, a District Court judge found, based on the affidavit of the defendant's counsel, that the notice of appeal was filed on or before April 8.  The Commonwealth, appropriately enough, did not appeal from the judge's factual determination regarding when the notice was filed.  Although we have the authority to consider sua sponte whether an appeal is timely, the judge's factual determination when the notice of appeal was filed, like a judge's determination that excusable neglect exists under Mass. R. A. P. 4 (c), as appearing in 481 Mass. 1606 (2019), is not reviewed unless the adverse party appeals from the judge's determination. See Commonwealth v. Cordeiro, 102 Mass. App. Ct. 211, 215 (2023).

appeal, from both the judgment and the denial of the renewed motion, followed.

2. Standard of review. "[W]e consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 407 (2023), quoting Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 216 (2019). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Wheeler, 102 Mass. App. Ct. 411, 413 (2023), quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017). The standard of review is the same in the context of a defendant's motion for a required finding of not guilty presented at the close of the Commonwealth's case pursuant to Mass. R. Crim. P. 25 (a) as it is in the context of a defendant's renewed motion for a required finding of not guilty pursuant to Mass. R. Crim. P. 25 (b) (2). See Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 583-584 (1999).[3]

---

[3] The fact that the judge ultimately found the defendant not responsible on the marked lanes violation has no bearing on whether the jury could have found that the defendant crossed over the lane or whether the judge should have allowed the defendant's motion for a required finding of not guilty. A jury may acquit the defendant on one charge and find the defendant guilty on a different charge, even if certain evidence goes to both charges. See Commonwealth v. Ross, 92 Mass. App. Ct. 377,

3. <u>Sufficiency of the evidence of negligent operation</u>.

"To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered." <u>Commonwealth</u> v. <u>Teixeira</u>, 95 Mass. App. Ct. 367, 369 (2019). The defendant contests only the third element.[4]

"Negligence in this context is determined by the same standard that is employed in tort law." <u>Teixeira</u>, 95 Mass. App. Ct. at 369, quoting <u>Commonwealth</u> v. <u>Duffy</u>, 62 Mass. App. Ct. 921, 922 n.2 (2004). "Negligence . . . in its ordinary sense, is the failure of a responsible person, either by omission or by

_____

378 (2017) ("jury acquitted the defendant of [operating a motor vehicle while under the influence] and convicted him of negligent operation"). This concept applies with even more force where there are different fact finders at trial. See <u>Commonwealth</u> v. <u>Daigle</u>, 99 Mass. App. Ct. 107, 107 & n.1 (2021) (jury "convicted [the defendant] of operating a motor vehicle while under the influence" and "[t]he judge found her not responsible for a marked lanes violation").

[4] The officer testified that North Street is maintained by the town of Tewksbury and features streetlights and street signs. See <u>Commonwealth</u> v. <u>Virgilio</u>, 79 Mass. App. Ct. 570, 573 (2011) ("presence of street lights, hydrants, curbing, and paving" support inference of public way); <u>Commonwealth</u> v. <u>Cabral</u>, 77 Mass. App. Ct. 909, 910 (2010) (sufficient evidence of public way where there was street sign on corner and officer testified city maintains street). The officer also testified that the defendant was trapped in the driver's seat and admitted to operating the vehicle. See <u>Commonwealth</u> v. <u>Moreau</u>, 490 Mass. 387, 388 (2022) ("The officer spoke with the defendant, who was seated in the driver's seat and admitted that he was the operator of the vehicle").

action, to exercise that degree of care, vigilance and forethought which . . . the person of ordinary caution and prudence ought to exercise under the particular circumstances." McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 232 n.25 (2019), quoting Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 137 (2006). "Proof of [the defendant's negligent] operation of a motor vehicle may 'rest entirely on circumstantial evidence.'" Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), quoting Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002).

"The statute requires proof that the defendant's conduct might have endangered the safety of the public, not that it, in fact, did." Tsonis, 96 Mass. App. Ct. at 219, quoting Teixeira, 95 Mass. App. Ct. at 369. Moreover, negligent operation can be found when a person "operate[s] a vehicle in such a way that would endanger the public although no other person is on the street." Commonwealth v. Constantino, 443 Mass. 521, 526-527 (2005).

To be sure, a driver may be involved in a collision, even a single-car collision, without acting negligently. See Aucella v. Commonwealth, 406 Mass. 415, 418 (1990). That is because "[t]he mere happening of an accident . . . , where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the

operator of the vehicle." Id., quoting Callahan v. Lach, 338 Mass. 233, 235 (1958). Accidents happen, and sometimes they are the result simply of bad luck, not error.

Here, however, the Commonwealth did not rely solely on evidence that a collision had occurred but rather presented more. The extensive damage to the defendant's motor vehicle, the telephone pole, and the mailboxes demonstrates that the collision occurred with considerable force. See Commonwealth v. Moreau, 490 Mass. 387, 388 (2022) (responding officer observed single motor vehicle collision involving "a pickup truck that had collided with a tree off the side of the road, suffering extensive front-end damage"). Based on his experience and observations, the officer determined that the defendant's motor vehicle appeared to have "cross[ed] over the double yellow line and into the complete opposite lane of travel," causing it to strike a telephone pole and a mailbox before spinning around and striking another mailbox.[5] See Commonwealth v. Daley, 66 Mass.

---

[5] The defendant challenged the officer's opinion regarding the defendant's intoxication, and the judge excluded any such opinion. The defendant did not challenge, either at trial or on appeal, the officer's ability to opine about how the collision unfolded. Under these circumstances, a judge is permitted to implicitly qualify a witness as an expert. See Commonwealth v. Ruiz, 442 Mass. 826, 834 (2004); Commonwealth v. Bouley, 93 Mass. App. Ct. 709, 714 (2018). In any event, "sufficiency is determined in light of the evidence admitted at trial, regardless of the propriety of that admission." Commonwealth v. Silvia, 97 Mass. App. Ct. 151, 155 n.9 (2020).

App. Ct. 254, 256 (2006) (driving "back and forth over the fog line on the left hand side of the road, [and] cross[ing] over two lanes of traffic" before nearly striking road work sign was evidence of negligent operation).  Moreover, the defendant admitted that "he was unfamiliar with the area and hit a telephone pole," suggesting that he knew he should have been driving with particular care in light of his unfamiliarity with the area.  This admission, together with the crossing of the double yellow line and the extensive damage, permitted an inference that the defendant was not driving with the care he ought to have been exercising under the circumstances of the rainy conditions and the defendant's unfamiliarity with the area.

In short, this was not a case where the Commonwealth relied on "the mere happening of [an] accident" to prove negligent operation.  Angelo Todesca Corp., 446 Mass. at 144 (Cordy, J., dissenting), quoting Zarrillo v. Stone, 317 Mass. 510, 512 (1945).  Instead, a reasonable jury could have concluded beyond a reasonable doubt, from the manner in which the collision occurred, the extent of the damage, and the defendant's admission, that negligent operation was the cause of this particular collision.  Accordingly, the evidence was sufficient for the jury "to find that the defendant operated his vehicle

negligently so that the lives or safety of the public might be endangered."  Tsonis, 96 Mass. App. Ct. at 220.

4.  Conclusion.  The judgment is affirmed.  The order denying the defendant's renewed motion for a required finding of not guilty is affirmed.

So ordered.