NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-157

COMMONWEALTH

vs.

PATRICK D. STAUNTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a rear-end collision on June 16, 2022, the defendant was charged in the District Court with negligent operation of a motor vehicle.  A jury convicted him of that offense, and he appealed.  Because we are satisfied that the evidence presented at trial was sufficient to prove the defendant's guilt and that the defendant was not prejudiced by his counsel's elicitation of his testimony confirming that he was the operator of the car that caused the collision, we affirm.

Discussion.  1.  Evidence of negligent operation.  "To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or

safety of the public might be endangered." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023), quoting Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019).  The defendant challenges only the sufficiency of the evidence supporting the third of these elements, negligence.[1]  Under G. L. c. 90, § 24 (2) (a), negligence "is determined by the same standard that is employed in tort law."  Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 n.2 (2004).

In assessing the defendant's argument, we review the evidence in the light most favorable to the Commonwealth, drawing all reasonable inferences in favor of the prosecution. See Commonwealth v. Njuguna, 495 Mass. 770, 771-772 (2025), citing Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). "The inferences that support a conviction need only be reasonable and possible; [they] need not be necessary or inescapable" (quotation and citation omitted).  Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).  We are mindful that "[p]roof of [the defendant's negligent] operation of a motor vehicle may 'rest entirely on circumstantial evidence.'"

---

[1] The docket reflects that the judge denied the defendant's motion for a required finding of not guilty at the close of the Commonwealth's evidence.  Although it is less clear that the defendant renewed the motion after he exercised his right not to testify and rested, we accept arguendo his representation on appeal that he did so.

2

Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), quoting Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002).

In the light most favorable to the Commonwealth, the evidence at trial was that the defendant drove up behind a minivan that was stopped and waiting to make a left turn. Despite having approximately twenty seconds in which to avoid the stationary vehicle, the defendant neither went around the minivan nor stopped behind it; instead, his car collided with the rear of the van with such force that the impact bent the minivan's frame and totaled the vehicle. Moreover, at the time of the collision, the defendant was intoxicated. This is not a case where the evidence showed nothing more than the "mere happening of an accident," Aucella v. Commonwealth, 406 Mass. 415, 418 (1990), and the evidence at trial was sufficient to prove the defendant's negligence. See Howe, 103 Mass. App. Ct. at 358 (fact that collision occurred "with considerable force" was some evidence of operator's negligence); Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 220 (2019) (evidence of defendant's apparent intoxication was some evidence of defendant's negligence).

2. Ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show both that trial counsel's performance fell "measurably

3

below that which might be expected from an ordinary fallible lawyer," and that prejudice resulted from the inadequacy. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Both the Supreme Judicial Court and this court have long and consistently observed that claims of ineffective assistance of counsel, at least in the first instance, should be advanced in the context of a motion for a new trial," because failing to do so can result in a failure "to present us with a record that permits us intelligently to measure defense counsel's performance." Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 107 (1999).

The defendant's claims that his trial counsel provided ineffective assistance by eliciting evidence that the defendant was driving the car that struck the minivan were raised for the first time on appeal. The record before us does not support the defendant's argument.

On direct examination, the arresting officer testified that when he arrived at the scene of the collision, the people present were the driver of the minivan, her daughter, and "the operator of the [other] vehicle." Additionally, the minivan driver testified that immediately after the collision, she saw the defendant get out of the car that had struck her minivan and that she neither saw anyone else in the car nor saw anyone other than the defendant get out. On cross-examination, the defendant's trial counsel elicited testimony from the arresting

4

officer about the defendant's admission to having "rear ended the other car." Although it is true that the Commonwealth had only circumstantial evidence to prove that the defendant was driving the car that collided with the minivan, that circumstantial evidence was strong and uncontested. Moreover, we cannot rule out the possibility that asking this question on cross-examination "may in fact have been the considered product of a tactical decision." McCormick, 48 Mass. App. Ct. at 108. We do not agree that counsel fell "measurably below" accepted standards with his question to the arresting officer. Saferian, 366 Mass. at 96.

Moreover, even if we were to assume that reasonably competent counsel would not have elicited the challenged testimony, we discern no prejudice. See Saferian, 366 Mass. at 96. Where there was circumstantial evidence from which the jury could have found that the defendant was the driver of the car that hit the minivan and the defendant's trial strategy involved contesting only the allegation that he was negligent (and not the allegation that he was the operator of that car), we are not persuaded that trial counsel's actions "likely deprived the defendant of an otherwise available, substantial ground of defence." Id. See Commonwealth v. Marinho, 464 Mass. 115, 128 (2013) (even where counsel provided ineffective assistance, the defendant must "show that he was prejudiced by counsel's

performance"); <u>Commonwealth</u> v. <u>Roberson</u>, 103 Mass. App. Ct. 772, 776 (2024) (failure to move to suppress evidence of defendant's admission to drinking in prosecution for operating under influence of intoxicating liquor was not prejudicial given other "strong evidence" of his intoxication).

<u>Judgment affirmed</u>.

By the Court (Massing, Hand & Allen, JJ.[2]),

Clerk

Entered:  January 23, 2026.

---

[2] The panelists are listed in order of seniority.