NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-688

COMMONMWEALTH

vs.

RICHARD MWANIKI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle (negligent operation), in violation of G. L. c. 90, § 24 (2) (a).  On appeal, the defendant argues that (1) there was insufficient evidence of impairment for OUI; (2) there was insufficient evidence of negligent operation; (3) the judge erred by allowing the arresting trooper to testify to his opinion that the defendant was "bombed"; and (4) the judge's OUI jury instruction created a substantial risk of miscarriage of justice.  We affirm.

Background.  We summarize the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore,

378 Mass. 671, 676-677 (1979).  On May 3, 2019, at around midnight, a Massachusetts State trooper saw a black Toyota Camry driving in front of him in the left lane of Route 24 North in Raynham.  The Camry drifted to the left and nearly struck the guardrail "in like a sideswipe manner" before returning to the travel lane.  The trooper activated his lights and siren and the Camry pulled over to the right shoulder of the road.  The defendant was the sole occupant of the vehicle.  During their initial interaction, the trooper smelled alcohol and noticed the defendant's eyes were bloodshot and glassy.  The defendant stated that he was had been at a pub in Bridgewater, where he had two large beers.  The trooper noticed during their conversation that the defendant's speech was slurred.

The trooper then ordered the defendant out of the vehicle. The defendant was very unsteady and had to use the car for balance as he moved to its front.  He agreed to perform field sobriety tests.  The defendant failed the nine step walk and turn test, which involved walking nine steps, pivoting, and returning nine steps toward the trooper.  The defendant was unable to stand in the instructional position, took the wrong number of steps, used his arms for balance, did not follow instructions after the ninth step, and turned improperly.  He also failed the one-leg stand test, which required him to raise one of his feet six inches off the ground for thirty seconds

2

while holding his arms by his sides.  The defendant leaned to the side; put his foot down after four seconds; and, on a second try, put his foot down after six seconds.  The defendant was arrested and almost fell on the way to the cruiser.

During trial, the trooper testified that he formed an opinion based on the defendant's appearance, speech, and performance on the field sobriety tests that the defendant was "bombed."  He elaborated that "bombed" meant "heavily intoxicated."  The defendant did not object to the testimony.

Discussion.  1.  Sufficiency of evidence of impairment.  We review the evidence in the light most favorable to the Commonwealth to determine "whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019).  Inferences supporting a conviction "need only be reasonable and possible" and "need not be necessary or inescapable" (citation omitted).  Id.

The elements of operating under the influence are (1) operation of a vehicle, (2) on a public way, (3) while under the influence of intoxicating liquor.  G. L. c. 90, § 24 (1) (a) (1).  See Commonwealth v. AdonSoto, 475 Mass. 497, 509-510 (2016).  The defendant challenges only the sufficiency of evidence that he was under the influence.

The jury heard testimony that the defendant's vehicle nearly drove into a guardrail before he displayed some of "the classic indicia of impairment" -- an odor of alcohol emanating from him, glassy and bloodshot eyes, and slurred speech. Commonwealth v. Jewett, 471 Mass. 624, 636 (2015). In addition, the trooper testified regarding the defendant's admission to drinking, difficulty keeping his balance, and inability to perform the field sobriety tests as instructed. Lastly, the trooper opined that the defendant was "bombed" or heavily intoxicated. This evidence was sufficient to permit the trier of fact to find that the defendant's consumption of alcohol resulted in his diminished capacity to operate the motor vehicle safely. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017).

2. Sufficiency of evidence of negligence. Operating to endanger requires proof that the defendant "(1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant contends that there was insufficient evidence that he operated his vehicle negligently.

We are not persuaded by the defendant's assertion that the proof of negligence was deficient because the only evidence the jury could have found was "one instance of swerving and

4

immediately correcting" in light traffic at a late hour. To satisfy the third element, the Commonwealth must present proof that the defendant's conduct "might have endangered the safety of the public, not that it in fact did." Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). Here, in addition to swerving toward and nearly colliding with the guardrail, the evidence showed, as noted above, that the defendant admitted that he had consumed two large beers earlier that night, failed to perform field sobriety tests satisfactorily, and appeared heavily intoxicated. The defendant's erratic driving coupled with evidence of his intoxication provided the jury with an adequate basis to find the defendant guilty of negligent operation. See Ross, 92 Mass. App. Ct. at 380 (affirming conviction of negligent operation based on evidence of intoxication and excessive speeding at night on residential road); Commonwealth v. Daley, 66 Mass. App. Ct. 254, 254-255 (2006) (affirming conviction of negligent operation based on evidence of intoxication, meandering back and forth over fog line, crossing two lanes of traffic, and nearly striking large road sign). Cf. Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 367 (2019) (affirming conviction of negligent operation despite absence of erratic driving where defendant consumed alcohol and drove substantially below speed limit while holding cell phone one foot from his face).

5

3. Opinion testimony regarding sobriety. The defendant further argues that the trooper's testimony that, in his opinion, the defendant was "bombed" should not have been admitted. He contends that this testimony impermissibly spoke to the ultimate question whether the defendant was operating while under the influence of intoxicating liquor. The defendant did not object to the testimony or request a curative jury instruction at trial, therefore "[o]ur review is limited to whether there was error, and if so, whether it created a substantial risk of a miscarriage of justice." Commonwealth v. Orben, 53 Mass. App. Ct. 700, 703 (2002).

"[L]ay witnesses, including police officers, may not opine as to the ultimate question whether the defendant was operating while under the influence, but they may testify to his apparent intoxication" (citation omitted). Commonwealth v. Canty, 466 Mass. 535, 541 (2013). "Provided that a witness does not directly offer an opinion regarding the defendant's guilt or innocence in a criminal case, we have no rule in Massachusetts prohibiting an opinion that touches on an ultimate issue" (citation omitted). Id. at 543.

Here, the trooper testified to the defendant's apparent intoxication, but did not opine as to the ultimate question of whether the defendant was operating a motor vehicle while under the influence of intoxicating liquor. The trooper's use of the

6

colloquial term "bombed" to describe the defendant's intoxication merely represents a lay opinion regarding the level of the defendant's insobriety. Where the trooper testified to the specific bases for his opinion, we discern no risk that the jury inferred any extraevidentiary foundation for it. Moreover, any such risk was mitigated by the judge's instruction that the jury's determination of the facts "must not be based on speculation or conjecture." See Commonwealth v. Johnston, 467 Mass. 674, 692 (2014) (jury presumed to follow judge's instructions). There was no error in the testimony regarding the defendant's sobriety and thus no risk that justice was miscarried by its admission.

4. Jury instructions. Finally, the defendant claims error in the judge's instructions to the jury on the element of impairment for the OUI charge. There was no objection to the instructions, thus our review is for substantial risk of a miscarriage of justice. AdonSoto, 475 Mass. at 510.

The defendant's arguments all stem from the use of the word "bombed" by the trooper. Given our conclusion that the trooper's testimony about the defendant's level of intoxication was proper, we are not persuaded that any curative instruction was required. Likewise, where the defendant failed to request an instruction clarifying the propriety of lay testimony concerning intoxication, we discern no abuse of discretion in

7

the judge's failure to provide one sua sponte.  We further note that any risk of prejudice to the defendant was diminished by the judge's explicit final instruction to the jury that they must determine whether the defendant was under the influence of alcohol, and that they may consider any opinion they heard about the defendant's sobriety "and accept it or reject it."  See Canty, 466 Mass. at 545.  The judge's instructions on impairment were otherwise comprehensive and clear, and we presume the jury followed them.  See Commonwealth v. Olmande, 84 Mass. App. Ct. 231, 237 (2013).

Judgments affirmed.

By the Court (Hand, Hershfang & Brennan, JJ.[1]),

Assistant Clerk

Entered:  February 15, 2024.

---

[1] The panelists are listed in order of seniority.

8