NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-404

COMMONWEALTH

vs.

JOHN SHELZI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant, John Shelzi, was convicted of negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a).  The jury acquitted him of operating a motor vehicle while under the influence of liquor (OUI).[1]  On appeal, he argues that the evidence was insufficient to prove negligent operation.  We affirm.

---

[1] Prior to trial, the defendant pleaded guilty to a charge of operating a motor vehicle without a license; charges of leaving the scene after causing property damage and operating under the influence of drugs were dismissed.  The trial judge found the defendant not responsible for a marked lanes violation.

At the close of the Commonwealth's case, the defendant moved for required findings of not guilty, which the judge denied.  We will affirm the denial of a motion for a required finding if, taking the evidence in the light most favorable to the Commonwealth, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  See Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006).  "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Wheeler, 102 Mass. App. Ct. 411, 413 (2023), quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017).

To prove negligent operation, the Commonwealth must show "that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered."  Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019).  The defendant contests only the third element.  "Negligence . . . in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which . . . the person of ordinary caution and prudence ought to exercise under the particular circumstances."

2

Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023), quoting McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 232 n.25 (2019). A conviction of negligent operation "only requires proof that the defendant's conduct [in operating the vehicle] might have endangered the safety of the public, not that it in fact did." Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019), quoting Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). "Proof of [the defendant's negligent] operation of a motor vehicle may 'rest entirely on circumstantial evidence.'" Howe, supra, quoting Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006).

Evidence that the defendant may have been drinking before driving was relevant to the charge of negligent operation, even though the jury acquitted him of OUI. See Zagwyn, 482 Mass. at 1021-1022; Ross, 92 Mass. App. Ct. at 380. Although the defendant characterizes that evidence as "flimsy," it permitted the jury to reasonably conclude that he had consumed alcohol prior to driving. Two officers testified that the defendant exhibited several telltale signs of intoxication, including slurred speech, unsteadiness on his feet, and the smell of alcohol. See Commonwealth v. Woods, 414 Mass. 343, 350 (1993) (evidence that defendant had been drinking "patently relevant to whether the defendant exercised reasonable care while driving").

3

While "a conviction of negligent operation requires something more than just operating a motor vehicle while under the influence of alcohol," Zagwyn, 482 Mass. at 1022, here there was more. The officers also testified that the defendant's car crashed "head on" into a cement wall in front of a house on a narrow, windy road. The collision caused "heavy front-end damage" to the car, rendering it "inoperable." The concrete wall itself was "severed in the middle" and pieces were falling off. See id. at 1021-1022, citing Woods, 414 Mass. at 344 (evidence of intoxication and that vehicle careened off road and collided with tree supported conviction of negligent operation).

In Commonwealth v. Tantillo, 103 Mass. App. Ct. 20, 21-22, 26 (2023), we affirmed a conviction of negligent operation where the driver struck a pole in a parking lot, was disoriented and unsteady on her feet, and had consumed medication, even though the judge acquitted her of driving under the influence of drugs. Here too, "[t]he evidence was sufficient to prove that the defendant's ability to control the vehicle was significantly

impaired, and as a result, the lives and safety of the public might have been endangered."  Id. at 26-27.

Judgment affirmed.

By the Court (Massing,
  Walsh & Brennan, JJ.[2]),

Clerk


Entered:  February 19, 2025.

---

[2] The panelists are listed in order of seniority.