NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-215

COMMONWEALTH

vs.

MAINOR A. ZEPEDA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Boston Municipal Court, the defendant was convicted of negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (a).  The jury acquitted him of operating a motor vehicle while under the influence of liquor (OUI) in violation of G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant contends that (1) the trial judge erred in denying his motion for required finding of not guilty, and (2) testimony by a State trooper that he arrested the defendant for operating under the influence constituted prejudicial error.  We affirm.

Background.  In the light most favorable to the Commonwealth, the jury could have found the following facts.  At

approximately 1:30 A.M. on January 19, 2020, State police

Trooper Ralph Dugue arrived at the scene of a disabled vehicle

in the Storrow Drive tunnel in Boston.  He saw three people

standing outside a vehicle with heavy front-end damage and all

the airbags deployed.  As the trooper walked toward the disabled

vehicle, the defendant approached and said he had been operating

the vehicle.

While talking to the defendant, the trooper noticed that

the defendant was unable to keep his balance, his speech was

slurred, and a strong scent of alcohol emanated from his breath.

The defendant admitted he had had one beer.  The defendant

agreed to perform field sobriety tests (FSTs).  On the nine-step

walk and turn test, the defendant was swaying and unbalanced,

did not take heel-to-toe steps as instructed, and took ten steps

rather than nine in each direction.  On the one-leg stand test,

the defendant placed his foot on the ground several times,

swayed, and was "completely unbalanced."

The trooper placed the defendant under arrest.  While

transporting the defendant, the trooper could smell a strong

odor of alcohol coming from him.  Additionally, the trooper

testified that the defendant said he was not "too drunk" and

apologized for speeding.

Discussion.  1.  Sufficiency of the evidence.  "To sustain

a conviction of negligent operation, the Commonwealth must prove

2

that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered."  Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019).  On appeal, the defendant claims that the judge erred in denying his motion for required finding of not guilty because there was insufficient evidence as to the first and third elements.  We evaluate the sufficiency of the Commonwealth's evidence to determine "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

a.  Operation.  The defendant claims that his confession to operating the vehicle was insufficient to prove beyond a reasonable doubt that he was, in fact, the operator because the confession was uncorroborated.  Indeed, "an uncorroborated confession is 'insufficient to prove guilt.'"  Commonwealth v. Leonard, 401 Mass. 470, 472 (1988), quoting Commonwealth v. Forde, 392 Mass. 453, 457 (1984).  However, the corroboration rule is quite minimal.  "[It] requires only that there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary."  Forde, supra at 458.  Moreover, "[t]he

3

corroborating evidence need not point to the accused's identity as the doer of the crime." Id.

There was sufficient evidence here to corroborate the defendant's confession to operating the vehicle. "To be sure, a driver may be involved in a collision, even a single-car collision, without acting negligently." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023). Here, however, the defendant apologized to the trooper for speeding and the extensive damage to the vehicle indicates the collision happened with considerable force. These facts combined "point to the accused's identity as the doer of the crime." Forde, 392 Mass. at 458. Additionally, none of the other people standing by the disabled vehicle said anything to contradict the defendant's admission to being the operator. See Commonwealth v. Adams, 421 Mass. 289, 291-292 (1995) (failure of bystanders at scene of accident to dispute defendant's identity as operator when investigating officer clearly was treating him as such corroborated defendant's admission to operating vehicle). As such, the Commonwealth's evidence satisfied the minimal corroboration requirement with respect to the defendant's admission to operating the vehicle.

b. Negligence. The defendant also contends that the Commonwealth's evidence only establishes that an accident occurred, and evidence of an accident alone is insufficient to

4

establish negligent operation.  The defendant is correct that "[t]he mere happening of an accident . . . where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle."  Aucella v. Commonwealth, 406 Mass. 415, 418 (1990), quoting Callahan v. Lach, 338 Mass. 233, 235 (1958).  However, we disagree that there was insufficient evidence to prove that something more than a simple accident occurred here.

"Proof of [the defendant's negligent] operation of a motor vehicle may rest entirely on circumstantial evidence" (quotation and citation omitted).  Howe, 103 Mass. App. Ct. at 358.  In this context, negligence only "requires proof that the defendant's conduct might have endangered the safety of the public, not that it, in fact, did."  Teixeira, 95 Mass. App. Ct. at 369.

The Commonwealth presented sufficient circumstantial evidence to establish beyond a reasonable doubt that the defendant operated the vehicle in a negligent manner.  The deployment of the vehicle's airbags and the heavy front-end damage the vehicle sustained show that the defendant was operating the vehicle in a manner that might have put the safety of others at risk.  Additionally, the defendant admitted to speeding and he exhibited several classic signs of intoxication,

5

including a strong scent of alcohol on his breath, slurred speech, and the inability to stand straight. See Commonwealth v. Zagwyn, 482 Mass. 1020, 1022 (2019) (evidence of intoxication is relevant to negligent operation). The crash occurred in the tunnel where there was no rain, snow, or sleet in the area. If conditions in the tunnel were nonetheless hazardous, as the defendant argues, the evidence was sufficient to prove that the defendant did not exercise the level of care he should have. The defendant exhibited signs of alcohol intoxication to the point that he was swaying and unbalanced. In that condition he operated his vehicle in a way that caused the front end of his vehicle to be heavily damaged, and the crash was sufficiently impactful that it caused the airbags to deploy.

The mere fact that the Commonwealth's evidence may support more than one plausible explanation for the accident is "not of legal significance so long as each [explanation] is legally supportable under the Latimore standard." Commonwealth v. Miranda, 458 Mass. 100, 114 (2010). "To the extent that conflicting inferences may be drawn from the evidence, it is for the jury to decide which version to credit." Id. at 113. The Commonwealth's explanation for the accident -- the defendant's negligence -- is legally supportable under Latimore. It was therefore proper to leave the negligent operation charge to the jury.

2. _Trooper's testimony_. The Commonwealth concedes that the trooper erred in testifying that, based on his observations, he arrested the defendant for OUI. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (error for police officer testifying as lay witness to testify to ultimate issue of guilt in OUI case). Because the defendant objected to this testimony at trial, we review for prejudicial error. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). "An error is not prejudicial if it 'did not influence the jury, or had but very slight effect'; however, if we cannot find 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then it is prejudicial." Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Flebotte, 417 Mass. at 353.

We conclude that the error here was not prejudicial. The trial judge immediately struck the testimony, instructed the jury to disregard the statement, and clarified that it was ultimately their job to decide whether the defendant had been operating the vehicle under the influence of alcohol. See Canty, 466 Mass. at 544-545. The jury are presumed to have disregarded the trooper's statement in accordance with this instruction. Commonwealth v. Williams, 450 Mass. 645, 651 (2008). Based on the strong evidence of the defendant's

7

intoxication, his admissions, his poor performance on the FSTs, the extensive damage to the vehicle, and the acquittal on the count of OUI, we conclude with fair assurance that the jury's judgment was not substantially swayed by the error.

<u>Judgment affirmed</u>.

By the Court (Henry, Smyth & Toone, JJ.[1]),

Clerk

Entered:  April 23, 2025.

---

[1] The panelists are listed in order of seniority.

8