NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-244

COMMONWEALTH

vs.

COREY D. BAILEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant, Corey D. Bailey, was found guilty of (i) threatening to commit a crime, G. L. c. 275, § 2; (ii) disorderly conduct, G. L. c. 272, § 53; (iii) resisting arrest, G. L. c. 268, § 32B; and (iv) negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).  He was also found responsible for a marked lanes violation.  See G. L. c. 89, § 4A.  On appeal, the defendant asserts that the Commonwealth's evidence was insufficient to prove that he drove in a negligent manner.  We affirm.

Even though the defendant, who proceeded pro se at trial, did not move for a required finding of not guilty, "findings based on legally insufficient evidence are inherently serious

enough to create a substantial risk of a miscarriage of justice." Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986). Accordingly, "we ask whether, taking the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Commonwealth, any rational trier of fact could find that each of the essential elements of the crime has been proved beyond a reasonable doubt." Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021), citing Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). "To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023), quoting Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019). Under G. L. c. 90, § 24 (2) (a), negligence "is determined by the same standard that is employed in tort law." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 n.2 (2004).

At trial, there was ample evidence to prove beyond a reasonable doubt that the defendant negligently operated his vehicle. The driver of a Honda CR-V testified that, as he drove along a two-lane road in Woburn on an evening in April, the defendant drove his vehicle closely behind him, honked, and

2

repeatedly flashed his high beams, to the extent that all the Honda driver could see "was just like shining lights down my throat."  The defendant's vehicle then crossed the double yellow line to pass the Honda.  His vehicle passed so closely that the Honda driver was forced to steer his vehicle toward the sidewalk, which caused the Honda to scrape its wheels against the curb for several yards.  After passing the Honda, the defendant's vehicle crossed back into the lane, then rapidly decelerated.  As a result of this maneuver, the front left side of the Honda collided with the back right side of the defendant's vehicle.

Evidence of the defendant's behavior after the collision provided further support for a finding of negligent operation. The defendant immediately got out of his vehicle and began video recording and threatening the Honda driver.  The defendant said, among other things, "F.U.  I'm going to beat you up.  I'm going to punch your face in."  A few minutes later, the defendant swore at a police officer while he was interviewing the Honda driver and refused the officer's order to get out of the roadway.

Taken as a whole and in the light most favorable to the Commonwealth, the evidence of the defendant's aggressive and erratic driving, combined with his belligerent actions after the

3

collision, was sufficient to support a finding that he operated his vehicle negligently "so that the lives or safety of the public might [have been] endangered" by the defendant's operation of the vehicle.  See Duffy, 62 Mass. App Ct. at 922-923.

Judgments affirmed.

By the Court (Meade,
  Hodgens & Toone, JJ.[1]),

Clerk

Entered:  May 16, 2025.

---

[1] The panelists are listed in order of seniority.