NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1392

COMMONWEALTH

vs.

SOVANN REAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted after a jury-waived trial of negligent operation of a motor vehicle.  On appeal he argues that there was insufficient evidence to support his conviction and that the prosecutor made improper statements in her closing argument.  We affirm.

1.  Sufficiency of evidence.  The offense of negligent operation of a motor vehicle requires proof "that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered."  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).  The defendant contests only the third element.  To satisfy that element, the Commonwealth must show "that the

defendant's conduct might have endangered the safety of the public," but need not show "that it, in fact, did." Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019).

Viewing the evidence in the light most favorable to the Commonwealth, see Ross, 92 Mass. App. Ct. at 378, the judge could have found the following facts. At about 9 P.M. on January 13, 2023, the defendant struck a parked car while driving down a two-way, dead-end street in a residential neighborhood in Lowell. The defendant's car sustained "[e]xtensive" damage from the collision. Both airbags had deployed, and the driver's side doors could not be opened, requiring firefighters to use the "Jaws of Life" to remove the defendant. The parked car had damage to the rear driver's side panel and wheel, and gasoline was pouring out of it. The impact of the collision also caused the defendant's car to sideswipe a second parked car.

A five year old boy was in the rear passenger seat of the defendant's car. He was crying and had a bump on his head. The boy's mother came and accompanied him to the hospital. The defendant was also transported to the hospital, where a nurse "immediately" formed the opinion that he was intoxicated. The defendant was unable to walk and "barely able" to talk, and the nurse had to give him a sternal rub to wake him up to answer questions. The defendant admitted to the nurse that he drank

2

two beers that night.  Tests of the defendant's head, neck, chest, and abdomen were negative for cranial trauma and other injuries.

A worker from the Department of Children and Families later spoke with the defendant.  The defendant told the worker that he was a friend of the boy's mother and had been taking the boy on a ride to the store.  The defendant admitted that he did not have a car seat in his car.  He also admitted to drinking two to three beers that night.

Based on this evidence, a reasonable fact finder could have found that the defendant operated his vehicle negligently.  Although "[t]he mere happening of an accident" is not enough to prove negligent operation, here, the amount of damage caused by the accident permitted an inference that the collision "occurred with considerable force" (citation omitted).  Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023).  This in turn "permitted an inference that the defendant was not driving with the care he ought to have been exercising" on a residential street.  Id. at 359.  In addition, the defendant admitted to drinking that night and appeared to the nurse to be highly intoxicated.  The judge could consider that the defendant had been drinking before the accident, and that he failed to secure

3

his child passenger in a car seat,[1] in determining whether he drove with reasonable care.  See Commonwealth v. Woods, 414 Mass. 343, 350 (1993) ("Evidence that the defendant was consuming alcohol prior to driving with passengers late at night is patently relevant to whether the defendant exercised reasonable care while driving").  The totality of this evidence was sufficient to sustain the defendant's conviction.  See Commonwealth v. Tantillo, 103 Mass. App. Ct. 20, 26-27 (2023) (evidence that defendant struck pole, was disoriented, and admitted to taking medication sufficient to prove negligent operation); Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 220 (2019) (evidence of defendant's erratic driving, near collision with parked vehicles, and apparent intoxication sufficient to prove negligent operation).

2.  Closing argument.  The defendant argues that the prosecutor made two misstatements in her closing argument. Because the defendant objected to both statements, our review is

---

[1] Under G. L. c. 90, § 7AA, "[a] passenger in a motor vehicle on any way who is under the age of 8 shall be fastened and secured by a child passenger restraint, unless such passenger measures more than 57 inches in height."  It is undisputed that the defendant's passenger was five years old. Furthermore, the defendant acknowledges that, based on an officer's testimony that the child was "[s]mall, probably up to [the officer's] hip," the judge could have found that the child was less than fifty-seven inches in height.

for prejudicial error.  See Commonwealth v. Lester, 486 Mass. 239, 247 (2020).

The defendant first argues that the prosecutor referred to facts not in evidence when she stated, "[T]he defendant chose to drive a forty-to-fifty-pound boy . . . in the backseat without a car seat."  As the Commonwealth concedes, this was error because no evidence was presented about the child's weight.  The defendant has failed to show, however, that the error prejudiced him.  Contrary to his suggestion, the child's weight was not relevant to whether the defendant violated G. L. c. 90, § 7AA, by failing to secure the child in a car seat.[2]  Also, in response to the defendant's objections, the judge stated, "Yeah, I've heard the evidence," and told the parties that he was "going to take a look at [his] notes and review the exhibits" before rendering his decision.  It is thus "reasonable to assume that the trial judge realized that the prosecutor's misstatement[] did not have evidentiary value."  Commonwealth v. Martinez, 67 Mass. App. Ct. 788, 796 (2006).  Moreover, even without the evidence about the car seat, there was ample evidence to support a finding that the defendant operated his vehicle negligently.  For these reasons we conclude that the error was not prejudicial.  See Lester, 486 Mass. at 248-249.

---

[2] See note 1, supra.

5

The defendant next argues that the prosecutor referred to facts not in evidence when she stated that "[t]he speed that [the defendant] was driving at that you can infer he was driving at on a residential street headed to a dead end" showed that "he wasn't judging and driving safely."  We discern no error.  A prosecutor may suggest "reasonable and possible" inferences from the evidence.  Commonwealth v. Roy, 464 Mass. 818, 829 (2013).  Here, it was proper for the prosecutor to ask the judge to infer that the defendant was speeding, given the evidence that the accident occurred on a residential street and that the defendant's car and the car he hit both sustained significant damage from the collision.  See Howe, 103 Mass. App. Ct. at 358.

Judgment affirmed.

By the Court (Shin, Grant & Hershfang, JJ.[3]),

Clerk

Entered:  October 6, 2025.

---

[3] The panelists are listed in order of seniority.