NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-606                                        Appeals Court

COMMONWEALTH  vs.  LUIS A. CARVALHO.

No. 25-P-606.

Bristol.     April 15, 2026. – June 8, 2026.

Present:  Neyman, Hershfang, & Toone, JJ.


Motor Vehicle, Operation, Operating to endanger.  Negligence,
    Motor vehicle.  Probable Cause.  Practice, Criminal,
    Dismissal.



        Complaint received and sworn to in the Fall River Division
of the District Court Department on September 12, 2024.

        A motion to dismiss was heard by Edward W. Krippendorf, J.


        David B. Mark, Assistant District Attorney, for the
Commonwealth.
        Michael G. Solomon for the defendant.


        TOONE, J.  The defendant, Luis A. Carvalho, moved to

dismiss a criminal complaint charging him with negligent

operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).

According to the narrative of the citing officer, filed in

support of the application for the complaint, the defendant

started his early morning shift at a trucking company in Fall River by fueling a tri-axle dump truck. To gain access to the truck's fuel tanks, he lifted the rear-load dump body fifteen feet in the air. After fueling the truck, the defendant forgot to lower the dump body, got into the truck, drove down Brayton Avenue, and, at approximately 3 A.M., crashed into the Route 24 overpass. According to the officer's narrative, "The truck was severely damaged along with damages to the overpass." At a motion hearing in the District Court, defense counsel contended that there was "no suggestion of any erratic or unsafe operation" or that the defendant "was driving in a way that would endanger the public." The judge allowed the motion, and the Commonwealth appealed.[1] Because the complaint application established probable cause to believe that driving the dump truck in that precarious condition might have endangered the lives or safety of the public, we reverse.

Discussion. We review the dismissal of a criminal complaint de novo. Commonwealth v. Humberto H., 466 Mass. 562, 566 (2013). A motion to dismiss is decided based on information

---

[1] The defendant did not file a brief in this appeal but instead referred to the arguments he made in the District Court. The record reflects that the defendant personally decided to pursue this course of action, after consultation with counsel. Counsel for the defendant answered questions at oral argument. See Mass. R. A. P. 19 (e), as appearing in 481 Mass. 1642 (2019).

within the "four corners of the complaint application." Id. at 565, quoting Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013). "The application must set forth sufficient facts to establish probable cause as to each element of the charged crime" (citation omitted). Commonwealth v. Tyson, 104 Mass. App. Ct. 739, 741 (2024). Probable cause "exists where the facts and circumstances" are sufficient "to warrant a [person] of reasonable caution in the belief that an offense has been . . . committed." Id., quoting Commonwealth v. Coggeshall, 473 Mass. 665, 667 (2016).

To establish guilt under the negligent operation statute, G. L. c. 90, § 24 (2) (a), "the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) upon a public way, (3) (recklessly or) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004). The parties do not dispute that the application established probable cause to believe that the defendant was operating a motor vehicle on a public way, so only the third element is at issue here.

In assessing the third element, we examine whether there was probable cause to believe that the defendant's operation was negligent and, if so, whether such negligence endangered the lives or safety of the public. Under G. L. c. 90, § 24 (2) (a), negligence "is determined by the same standard that is employed

in tort law." Duffy, 62 Mass. App. Ct. at 922 n.2.[2] Ordinary negligence "is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which . . . the person of ordinary caution and prudence ought to exercise under the particular circumstances." Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023), quoting McGovern v. State Ethics Comm'n, 96 Mass. App. Ct. 221, 232 n.25 (2019). "Proof of [the defendant's negligent] operation of a motor vehicle may 'rest entirely on circumstantial evidence.'" Howe, supra, quoting Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006).

We have recognized that the "mere happening" of a collision "is not sufficient to prove negligence on the part of the operator of the vehicle." Howe, 103 Mass. App. Ct. at 358, quoting Aucella v. Commonwealth, 406 Mass. 415, 418 (1990). Some collisions "are the result simply of bad luck, not error." Howe, supra. We also acknowledge that, as the defendant pointed out at the motion hearing, there is no allegation in the complaint application that he was speeding, swerving, driving off the roadway, or otherwise operating the truck in an erratic manner.

---

[2] Having "of little or no significance in the application of the operating to endanger statute," the word "recklessly" is considered surplusage. Duffy, 62 Mass. App. Ct. at 921 n.1, quoting Commonwealth v. Jones, 382 Mass. 387, 392 (1981).

Erratic driving, however, is not the sine qua non of negligent operation. See Commonwealth v. Kaplan, 97 Mass. App. Ct. 540, 543 (2020); Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 370 (2019). A finding of negligent operation can also be based on the diminished capacity of the operator, the operator's inability to control the vehicle or see and respond to hazards, or the dangerous condition of the vehicle itself. In Teixeira, for example, we held that, even without evidence of erratic driving, the jury could conclude that the defendant drove negligently by consuming alcohol and then driving substantially below the speed limit while holding a cell phone one foot from his face. See Teixeira, supra at 371. In Kaplan, we held that an officer had reasonable suspicion that the defendant was negligently operating her car where her passenger's torso was extended out the side window, obstructing the defendant's ability to see and use the side view mirror. See Kaplan, supra at 540-541, 543.

Here, the Commonwealth contends that the allegation that the defendant drove the dump truck down Brayton Avenue with its dump body raised in the air was adequate to establish probable cause that he operated negligently. We agree. The information in the complaint application supports a finding that a person of ordinary caution and prudence would have lowered the truck's dump body after fueling it, and that driving the truck with the

dump body raised on a road that went under highway overpasses was in itself negligent.

The Supreme Judicial Court has held in a related context that driving a vehicle in a defective condition can amount to negligent operation. In Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 139 (2006), the court affirmed a corporation's conviction of motor vehicle homicide, G. L. c. 90, § 24G (b), because a reasonable jury could have found that its employee acted negligently in operating the corporation's dump truck even though he knew it did not have a functioning back-up alarm. The court applied the same standard for negligence employed in tort law and applicable to negligent operation offenses under G. L. c. 90, § 24 (2) (a). See Angelo Todesca Corp., supra at 139-140; Commonwealth v. Burke, 6 Mass. App. Ct. 697, 700 (1978). It concluded that the driver's operation of the truck while knowing it lacked a back-up alarm was a sufficient basis for a finding of negligence, even though he otherwise "did everything that a reasonably prudent person would have done in the circumstances: he told the victim that he was about to back up, rolled down his window, checked his mirrors, turned off his radios, and operated the truck very slowly." Angelo Todesca Corp., supra at 138. See id. at 146 (Cordy, J., dissenting) ("It is, of course, true that some defects in a vehicle could,

in and of themselves, make the vehicle so unsafe that operating it would be negligent without regard to other factors").

There is also probable cause to believe that the defendant's alleged negligence might have endangered the lives or safety of the public.  Fortunately, it does not appear from the complaint application that anyone was injured as a result of the collision, perhaps because of the early hour when it occurred.  Nevertheless, the negligent operation statute "only requires proof that the lives or safety of the public might be endangered, not that they are endangered."  Duffy, 62 Mass. App. Ct. at 923.  See McGovern, 96 Mass. App. Ct. at 232 n.25, citing Commonwealth v. Constantino, 443 Mass. 521, 526-527 (2005) ("It is the conduct of operating a vehicle in a negligent manner so as to endanger the public that is proscribed, not the act of harming another").  The application alleges that, as a result of the collision, the dump truck and overpass were damaged and "Brayton Ave[.] West bound was shut down due to scattered truck parts and debris."  Construing the complaint application in the light most favorable to the Commonwealth, see Commonwealth v. Santos, 94 Mass. App. Ct. 558, 560 (2018), citing Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), we conclude that there was probable cause to believe that the defendant's

negligent operation of the truck might have endangered the lives or safety of the public.[3]

Conclusion. We reverse the judge's order dismissing the charge of negligent operation of a motor vehicle and remand for further proceedings consistent with this opinion.

So ordered.

---

[3] Our decision does not contemplate criminal liability for every person in Massachusetts who drives a vehicle in a defective condition. Some vehicle defects will not, as a matter of law, support a finding that the defendant's operation of that vehicle might have endangered the lives or safety of the public in the relevant circumstances. See, e.g., Commonwealth v. Zagwyn, 482 Mass. 1020 (2019). In Zagwyn, the Supreme Judicial Court reversed a conviction under G. L. c. 90, § 24 (2) (a), where the evidence showed that the defendant operated a vehicle with a broken headlight and rear license plate light while under the influence of alcohol. Zagwyn, supra at 1021-1022. In the absence of other evidence of negligent operation, such as speeding or swerving, the court concluded that the "scant evidence" of the vehicle's defects, "even when coupled with proof of intoxication," failed as a matter of law to support the judgment of conviction. Id. at 1022.